```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
```

DAVID VIALIZ,                        :

      Plaintiff,                 :
                                     PRISONER
V.                                   :   CASE NO. 3:11-CV-102 (RNC)

MICHAEL LAJOIE, ET AL.,              :

      Defendants.                :

### RULING AND ORDER

    Plaintiff, a former Connecticut inmate proceeding pro se, brought this action while he was incarcerated claiming that legal mail addressed to him had been opened by officials of the Department of Correction ("DOC") outside his presence. On February 28, 2011, all claims in the original complaint were dismissed without prejudice for failure to state a claim on which relief could be granted. Plaintiff was given an opportunity to file an amended complaint alleging as to any defendant named in the amended complaint facts demonstrating that the defendant was personally involved in the opening of his privileged legal mail and that the plaintiff had exhausted his administrative remedies prior to filing this action. Plaintiff subsequently filed an amended complaint.

    Under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), the court may dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id. To withstand review under §

1915, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.

Before turning to the plaintiff's allegations, the Court notes that exhibits attached to the amended complaint do not pertain to the subject matter of this action. Moreover, it is apparent that exhibits submitted by the pro se plaintiff in another case, *Vializ v. Strange, et al.*, Case No. 11cv128 (RNC), relate to the allegations in this action. Accordingly, the Clerk will make a copy of the four pages of exhibits attached to the amended complaint in the other case (Case No. 11cv128) and docket them as exhibits to the amended complaint in this case (Case No. 11cv102). The present ruling takes those exhibits into account.

The amended complaint alleges the following. On December 7, 2010, while in DOC custody, the plaintiff received a letter from the Assistant Attorney General for the Civil Rights Division of the Department of Justice. The letter had been opened outside his presence and stapled shut. On December 15, 2010, the plaintiff received a letter from the State of Connecticut Department of Public Safety. This letter also had been opened outside his presence and taped shut. The plaintiff spoke to Lieutenant Holmes but Holmes took no action.

On December 29, 2010, the plaintiff wrote to a mail supervisor regarding both letters, but the supervisor did not

respond. On February 4, 2011, the plaintiff filed a grievance. On February 25, 2011, the plaintiff received a response stating that his grievance had been rejected. The reviewer also indicated that the plaintiff had exhausted his administrative remedies.

On February 3, 2011, the plaintiff received an express mail envelope that had been mailed to him on January 10, 2011. The envelope contained legal papers relating to another federal case. The outside of the envelope had a note from Deputy Warden Kendrik indicating that the plaintiff could have the envelope.

An inmate has a right to be present when his legal mail is opened by prison officials. *See Wolff v. McDonnell*, 418 U.S. 539, 574-76 (1974). As few as two incidents of improper opening of an inmate's legal mail may provide the basis for a constitutional claim under 42 U.S.C. § 1983 if the incidents suggested an ongoing practice of unjustified censorship or the tampering chilled the prisoner's right of access to courts or impaired his representation by counsel. *See Washington v. James*, 782 F.2d 1134, 1139-40 (2d Cir. 1986).

The incidents alleged here do not appear to have caused any actual harm to the plaintiff's ability to communicate with the courts or his counsel. In any event, it is apparent that the plaintiff did not exhaust administrative remedies before filing this action. He alleges that he filed a grievance on February 4,

2011, but that was after he filed this action. *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) (completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement). .

    Accordingly, it is hereby ordered:

    (1) The Clerk will docket as exhibits to the amended complaint in this case a copy of the four pages of exhibits attached to the amended complaint in *Vializ v. Strange, et al.*, Case No. 11cv128 (RNC),

and

    (2) the claims in the amended complaint are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

    The Clerk will enter judgment in favor of the defendants and close the case.

    So ordered this 22nd day of March 2012.

                        /s/ Robert N. Chatigny, USDJ
                          Robert N. Chatigny
                       United States District Judge